```
 1
 2
 3
 4
 5                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
 6                              AT SEATTLE

 7  KATHERINE M.,

 8                        Plaintiff,           CASE NO. C18-1071-MAT

 9         v.
                                               ORDER RE: SOCIAL SECURITY
10  NANCY A. BERRYHILL, Deputy                 DISABILITY APPEAL
    Commissioner of Social Security for
11  Operations,

12                        Defendant.

13
```

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1975.[1] She has a high school diploma or GED[2] and some

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

[2] Plaintiff implied at the administrative hearing and in agency paperwork that she graduated from high school (AR 75, 347), but told some providers that she dropped out after 7th grade and later obtained a GED (AR 450, 461), and told another that she dropped out during 10th grade (AR 495).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

college education, and has previously worked as an inventory clerk, data entry clerk, airplane assembler, food packager, and product tester. (AR 75, 384-93.)

Plaintiff applied for SSI and DIB in November 2014. (AR 317-20, 322-30.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 171-78, 182-201.)

On May 8, 2017, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 67-119.) On July 3, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-32.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 22, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 1, 2014, the alleged onset date. (AR 19-20.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's major depressive disorder; anxiety related disorder (anxiety disorder not otherwise specified, generalized anxiety disorder, post-traumatic stress disorder); and headaches secondary to obstructive hydrocephalus. (AR 20.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did

not meet or equal the criteria of a listed impairment. (AR 20-22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, with additional limitations: she can never climb or crawl, and should avoid concentrated exposure to vibrations and hazards. She can work in very quiet to moderate noise intensity levels. She can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment, and can perform simple duties that can be learned on the job in a short period. She can work in proximity to co-workers but not in a cooperative or team effort. She requires a work environment that has no more than superficial interactions with co-workers. She requires a work environment that is predictable and with few work setting changes. She cannot deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process. Incidental contact of a superficial nature with the general public is not precluded. (AR 22.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 30.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the VE's assistance, the ALJ found Plaintiff capable of transitioning to representative occupations such as garment sorter and electrical accessories assembler. (AR 31-32.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ erred in (1) discounting her subjective symptom testimony; and (2) discounting the opinion of examining psychologist David Widlan, Ph.D.[3] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Subjective symptom testimony

The ALJ discounted Plaintiff's testimony because (1) the medical record contains many normal findings; (2) Plaintiff's functionality improves when she is compliant with treatment; (3) Plaintiff's activities demonstrate her ability to concentrate, interact with others, and maintain a regular schedule; and (4) Plaintiff engaged in vocational activities, which indicates an intent to work. (AR 23-26.) An ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff's assignment of error does not focus on identifying error in the ALJ's findings, but she instead argues that the ALJ overlooked the "gravamen of this case" — namely her mental impairments, autism, and cognitive deficits — and instead discussed Plaintiff's headaches and pain. Dkt. 13 at 10. Plaintiff also argues that the ALJ's reliance on generally normal mental status

---

[3] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 13 at 11. Accordingly, these issues will not be analyzed separately.

examinations is misplaced, because Plaintiff experienced deficits over time pertaining to sustaining memory, attention, and follow-through, which would not be captured in a mental status examination. Dkt. 13 at 10-11. Plaintiff goes on to argue that the ALJ failed to account for her suicidal ideation or her medication side effects. *Id*. Essentially, Plaintiff contends that the ALJ's findings may explain why some of Plaintiff's allegations are not reliable, but does not explain why her primary contentions were not credited.

The Commissioner disagrees, arguing that the ALJ discussed all of Plaintiff's alleged limitations and explained why he found them to be uncorroborated in the medical record. Dkt. 14 at 11-12. Indeed, the ALJ's summary of Plaintiff's allegations does reference the limitations she contends were not accounted for, specifically medication side effects, impaired memory over time, lack of ability to complete tasks, and suicidal ideation. (AR 23.) The ALJ later explained why he found those allegations to be inconsistent with the record. (AR 25-26.)

For example, Plaintiff denied medication side effects to her providers. (*See, e.g.*, AR 515, 717.) Although there is some evidence of Plaintiff's inability to sustain work and focus, as evidenced by Plaintiff's attendance problems at her job in a sheltered workshop, those problems coincided with Plaintiff's failure to take her medications, and she reported that once she restarted her medication, her symptoms improved. (AR 497-501.) Plaintiff's suicide attempt in response to her job loss also took place during this time period. (AR 461, 515.) The ALJ cited Plaintiff's improvement with medication, concluding that "when compliant with treatment the claimant's functionality improves." (AR 25.) This interpretation of the record is supported by substantial evidence.

Furthermore, as noted by the ALJ, Plaintiff's group activities and her ability to care for her nephew on a daily basis and care for a baby demonstrates that she can concentrate, interact with

others, and maintain a regular schedule. (AR 25-26.) The evidence relied on by the ALJ contradicts the alleged social and cognitive limitations Plaintiff described. (*See* AR 374-75.)

Because the ALJ discussed the allegations Plaintiff claims were overlooked, and substantial evidence supports the reasons given by the ALJ to discount those allegations, Plaintiff's assignment of error is not persuasive. Moreover, given the ALJ's multiple unchallenged reasons to discount Plaintiff's testimony, any errors are harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

## Dr. Widlan's opinion

Dr. Widlan performed a psychological examination of Plaintiff in June 2014, and completed a DSHS form opinion describing her symptoms and limitations. (AR 461-70.) The ALJ provided "slight weight" to Dr. Widlan's opinion because (1) he did not review any treatment records (only reviewed another examiner's opinion, and that examiner had no access to treatment records); (2) Dr. Widlan's mental status examination was "generally good," and was therefore inconsistent with Dr. Widlan's Global Assessment of Functioning (GAF) score and his conclusions regarding Plaintiff's functional limitations; (3) Dr. Widlan's opinion does not explain how or why Plaintiff's limitations increased in severity in just three months since her previous DSHS evaluation by Shawn Kenderdine, Ph.D.; and (4) Dr. Widlan relied on Plaintiff's subjective reporting, which was not entirely reliable, in reaching his conclusions. (AR 27-28.)

Plaintiff argues that these reasons are not legally sufficient. Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The Court will address each of the ALJ's reasons for discounting Dr. Widlan's opinion in turn.

<u>Records reviewed</u>

The ALJ noted that Dr. Widlan did not have access to any of Plaintiff's treatment notes when he rendered his opinion. (AR 27-28.) Plaintiff acknowledges this, but argues that Dr. Widlan's clinical interview was nonetheless valuable. Dkt. 13 at 7. But even if that is true, the ALJ did not err in considering the extent to which Dr. Widlan was familiar with Plaintiff's longitudinal record, consistent with the regulations. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6).

<u>Mental status examination</u>

The ALJ found that Dr. Widlan's "generally good" mental status examination did not support his description of marked functional limitations and a GAF score of 45. (AR 28.) Plaintiff notes that not all of Dr. Widlan's mental status examination findings were within normal limits, pointing to Dr. Widlan's descriptions of her affect, mood, and insight/judgment. Dkt. 13 at 6 (citing AR 464-65, 468-70). It is true that not all of Dr. Widlan's findings were within normal limits, but the abnormal findings do not necessarily correspond to the marked limitations described by Dr. Widlan. (AR 463-65.) Dr. Kenderdine's mental status examination from three months earlier referenced a higher quantity of abnormal findings, and yet he found Plaintiff to be less limited than Dr. Widlan. (*See* AR 452-54.) In any event, because the ALJ was reasonable in

finding that Dr. Widlan's objective findings were inconsistent with his conclusions, this reason supports the ALJ's conclusion. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports).

Reliance on subjective self-reporting

Dr. Widlan's opinion explicitly refers to Plaintiff's self-report at many points. (AR 461-63.) Plaintiff posits that this reliance is appropriate in the context of a psychological evaluation. Dkt. 13 at 6. That may be true to some degree, but Dr. Widlan's opinion report appears to rely heavily on Plaintiff's self-report; in fact, as the basis for his GAF score, he listed "symptom description; subjective impressions." (AR 463.) Dr. Widlan's other notes repeatedly describe what Plaintiff reported. (AR 461-62.) Because, as explained *supra*, the ALJ did not err in discounting Plaintiff's subjective testimony, the ALJ did not err in discounting an opinion rendered in heavy reliance on Plaintiff's self-reporting. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014).

Comparison to Dr. Kenderdine

The ALJ also reasoned that because Dr. Widlan's opinion described more severe limitations than Dr. Kenderdine's recent opinion, without explaining why Plaintiff's condition had worsened since that examination, Dr. Widlan's opinion was less reliable. (AR 28.) Plaintiff notes that she attempted suicide between the time of Dr. Kenderdine's evaluation and Dr. Widlan's evaluation, which Dr. Widlan noted. (AR 461.) That event could explain the difference in Dr. Widlan's opinion, and thus the Court agrees that under these circumstances, it was unreasonable for the ALJ to find that the discrepancies between the opinions undermined Dr. Widlan's opinion. This error is harmless, however, in light of the other valid reasons to discount Dr. Widlan's

opinion. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 29th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge